178 N.J. Super. 429 (1981)
429 A.2d 403
AMERICAN SANITARY SALES CO., INC., A CORPORATION OF THE COMMONWEALTH OF PENNSYLVANIA, PLAINTIFF-APPELLANT,
v.
STATE OF NEW JERSEY, DEPARTMENT OF TREASURY, DIVISION OF PURCHASE AND PROPERTY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 24, 1981.
Decided April 8, 1981.
*432 Before Judges FRITZ, POLOW and JOELSON.
Harry R. Hill, Jr. argued the cause for appellant (Backes, Waldron & Hill, attorneys; Michael J. Nizolek on the brief).
Eugene J. Sullivan, Deputy Attorney General, argued the cause for respondent (John J. Degnan, Attorney General of New Jersey, attorney; Michael R. Cole, Assistant Attorney General, of counsel; Marianne E. Manning on the brief).
The opinion of the court was delivered by JOELSON, J.A.D.
Plaintiff as a prime contractor entered into a contract with defendant for the plumbing and drainage work in the construction of a youth correctional complex in Yardville. It sued for damages which it alleged it sustained by reason of delay caused by defendant in the performance and completion of the contract. The case was tried without a jury. The trial judge found that because of seven specified causes a 22-month delay resulted, and that plaintiff thereby sustained damages in the sum of $455,250. However, he failed to award that sum or any part of it to plaintiff on the theory that if plaintiff could not prove that each of the seven causes of delay were ascribable to defendant, "then its entire claim must fall because there is no evidence from which the court could determine just how much of the total damages should not be attributable to the State." Thus, although the judge found that defendant was responsible for five of the seven causes of delay, he entered judgment in favor of defendant on the claim for damages caused by defendant's delay. That judgment is the subject of this appeal. We reverse.
The parties to this action have adopted an all-or-nothing approach. Plaintiff contends that it is entitled to a judgment for all its damages caused by delay. Defendant counters that plaintiff is entitled to nothing. Plaintiff relies upon the following in 5 Corbin on Contracts § 999 at 24-25 (1964):

*433 In all cases involving problems of causation and responsibility for harm, a good many factors have united in producing the result; the plaintiff's total injury may have been the result of many factors in addition to the defendant's tort or breach of contract. Must the defendant pay damages equivalent to the total harm suffered? Generally the answer is Yes, even though there were contributing factors other than his own conduct. Must the plaintiff show the proportionate part played by the defendant's breach of contract among all the contributing factors causing the injury, and must his loss be segregated proportionately? To these questions the answer is generally No. In order to establish liability the plaintiff must show that the defendant's breach was a "substantial factor" in causing the injury. [Footnotes omitted]
This rule has not yet been adopted in New Jersey in a contract action, although a doctrine close to it has been utilized in a tort action. In Peer v. Newark, 71 N.J. Super. 12 (App.Div. 1961), certif. den. 36 N.J. 300 (1962), the court stated: "Liability attaches not only to the dominating cause but also to any cause which constitutes at any event a substantial factor in bringing about the injury." Id. at 28.
Defendant, on the other hand, argues that plaintiff must bear the burden of proving its own case, including damages, and that since it has failed to do so with precision, plaintiff's cause of action must fail. This argument might have more merit if defendant had not frustrated plaintiff in obtaining that type of meaningful discovery which would have enabled it to prove its damages with the precision which defendant claims to be required. In this respect, we refer to plaintiff's unsuccessful attempts to obtain what is known as critical path method data. Authority on the function and usefulness of this data appears in the following footnote in Dobson v. Rutgers, 157 N.J. Super. 357 (Law Div. 1978):
The critical path method is a new and powerful tool for the planning and management of all types of projects. Essentially it is the representation of a project plan by a schematic diagram or network that depicts the sequence and interrelation of all the component parts of the project, and the logical analysis and manipulation of this network in determining the best overall program of operation. It is a method admirably suited to the construction industry, and it provides a far more useful and precise approach than the conventional bar graphs and progress charts that previously formed the basis of construction planning and control. Furthermore, it permits the ready evaluation and comparison of alternative works programs, construction methods, and types of equipment. *434 When the best plan has been prepared in this way, the critical path diagram clearly indicates the site operations that control the smooth execution of the works. Finally, as construction proceeds, the diagram provides the project manager with precise information on the effects of each variation or delay in the adopted plan, thus enabling him to identify the operations that require remedial action. [Antill Woodhead, Critical Path Methods in Construction Practice (2 ed. 1970)1] See O'Brien, CPM in Construction Management (2 ed. 1971). [at 367-368, n. 3].
The contract calls for each prime contractor to prepare a schedule "in the form of a Critical Path Arrow Diagram Network" and for the general contractor to coordinate these diagrams "into a composite diagram showing all prime contracts." At oral argument counsel informed us that this type of composite critical path method data had been prepared by a private consultant and supplied to the director, but that the State had been unable to locate it in answer to plaintiff's request for discovery. He also agreed with plaintiff's counsel that, if available, this date could enable plaintiff to prove the damages attributable to the five causes of delay for which the court found defendant responsible.
We are not persuaded that the circumstances of this case necessarily demand the application of the all-or-nothing approach which the parties themselves seem to favor. We are satisfied that there can be a middle ground whereby plaintiff can be compensated for the damages it sustained by reason of delays caused by defendant only, and we will remand the case to the trial court towards that end. Since the parties concede that the unearthing of the composite critical path method data would accomplish this, the trial judge should extend discovery for a limited time and for that limited purpose. In this respect, appropriate persons should be deposed, including representatives of the general contractor and consultant who prepared the data, all of whom might be expected to have copies. Although there is no indication that defendant or any of its representatives suppressed this material, it is apparent to us that neither did they extend themselves to locate it. It also appears that plaintiff did not heretofore do enough on its own initiative to utilize *435 discovery to obtain this information. Yet we are of the opinion that since plaintiff has suffered a loss of the magnitude found by the trial judge and since defendant did not or could not provide adequate information, the rule limiting time for discovery should be relaxed in order to avoid injustice. R. 1:1-2.
In the event that the trial judge becomes satisfied that diligent discovery will not lead to the location of this material, he should then re-examine the testimony in order to determine whether there is sufficient evidence for estimating damages with some reasonable degree of certainty. "The rule relating to the uncertainty of damages applies to the uncertainty as to the fact of damage and not as to its amount, and where it is certain that damage has resulted, mere uncertainty as to the amount will not preclude the right of recovery." Tessmar v. Grosner, 23 N.J. 193, 203 (1957). "Evidence affording a basis for estimating damages with some reasonable degree of certainty is sufficient to support an award of compensatory damages." Paolicelli v. Wojciechowski, 132 N.J. Super. 274, 278-279 (App.Div. 1975), certif. den. 68 N.J. 153 (1975). The ideal of a judicial system is perfect justice. However, in a case where, as here, absolute precision in fixing damages may not be attainable, we should not hesitate to seek essential justice. It would be a travesty to deny a plaintiff essential justice because the absence of means for precision precludes perfect justice.
There are numerous areas in the law where damages cannot be unmistakably assessed to the dollar. Juries deal with this routinely in negligence actions where compensation is fixed for pain and suffering despite the fact that there is no gauge to measure nor scale to weigh pain and suffering. Similarly, in comparative negligence cases juries assess percentages of negligence on the parts of plaintiffs and defendants although there is no scientific method for appraising or fixing relative culpability. In such cases, as in the case we are now considering, a common sense approach based upon the evidence must be depended on to lead the factfinders to the assessment of damages with some reasonable degree of certainty.
*436 We emphasize that we do not expect nor ask the trial judge to engage in mere speculation. For this reason we shall deal with the situation in the event that the data of the critical path method should not become available or the judge is of the opinion that he cannot in good conscience fix damages without resort to pure speculation. In that event he should make a finding of fact as to whether the causes of delay for which he has found defendant chargeable constitute a "substantial factor" in causing the injury within the doctrine quoted above from Corbin on Contracts. If he does, he should award plaintiff judgment in full for the loss it incurred through all the delays. If he does not, he should award judgment in favor of defendant. We acknowledge that the result of a judgment for plaintiff for all of its damages, although defendant was not the cause of all but only a substantial part of these damages, carries with it an element of unfairness. However, the alternative of no judgment at all for plaintiff under these circumstances is palpably more unfair. Furthermore, defendant could have protected itself in this respect by the simple expedient of bringing in as third party defendants those contractors it believed responsible for any of the delays. Whether it can any longer bring action against those contractors in case of a judgment in favor of plaintiff some eighteen years after the contract is a question we need not reach.
There are two other issues raised by the parties which merit only brief discussion. First, defendant contends that it is protected by reason of a "no damage" clause in the contract. However, an examination of the clause on which it relies discloses that it refers to damages of a subcontractor "for coordination failure, or failure to comply with directions of the Director [Division of Purchase & Property] or by reason of default by another contractor." We are not dealing with a claim for such damages, but with a claim that the defendant itself or through its agents was responsible for causing delay. A "no-damage" clause is to be construed strictly against its draftsman. Ace Stone, Inc. v. Wayne Tp., 47 N.J. 431, 434 (1966); Buckley & Co. *437 Inc. v. State, 140 N.J. Super. 289 (Law Div. 1975). It is apparent from the form contract, headed "State of New Jersey, Department of the Treasury, Division of Purchase and Property," that it was prepared by the State.
Finally, plaintiff contends that any judgment it might receive should be increased, exclusive of interest, to compensate for the inflation which has taken place over the years. It has offered no authority for this with relation to a recovery in a contract action, nor are we aware of any such authority.
Reversed and remanded for further proceedings in accordance with the foregoing. We do not retain jurisdiction.